# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LANCE GREEN,

        Plaintiff,

  vs.

J BEARD, et al.,

        Defendants.

)  1:17-cv-01027-LJO-BAM (PC)
)
)  FINDINGS AND RECOMMENDATIONS
)  REGARDING PLAINTIFF'S MOTION TO
)  REMAND CASE TO FRESNO SUPERIOR
)  COURT CIVIL DIVISION
)
)  (ECF No. 6)
)
)
)
)
)

Plaintiff Lance Green is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

## I.    Relevant Procedural History

Plaintiff filed this action in the Fresno County Superior Court on November 12, 2015, alleging that his rights were violated by his exposure to and eventual infection with Valley Fever while he was housed at Pleasant Valley State Prison ("PVSP"). (ECF No. 2-1, at pp. 2-32.) On July 31, 2017, Defendants Beard, Brown, Cate, Frauenheim, Hubbard, Hysen, Kernan, Rothchild, Schwarzenegger, Trimble, Yates, California Department of Corrections and Rehabilitation, and PVSP removed the state court action to federal court. (ECF No. 2.)

Currently before the Court is Plaintiff's motion to remand the case back to Fresno County Superior Court, filed on August 21, 2017. (ECF No. 6.). On September 12, 2017, Defendants filed an opposition to Plaintiff's motion for remand and a declaration in support. (ECF No. 9.)

1  The time for any reply has passed, and none was filed. The motion is deemed submitted. Local
2  Rule 230(l).
3  **II.      Motion for Remand**
4          In his motion, Plaintiff objects to this case being tried in federal court and requests that
5  the matter be remanded to state court. Plaintiff asserts that Defendants removed this case to
6  federal court to circumvent the state court's prior rulings. Specifically, Plaintiff submitted a copy
7  of a tentative ruling from the state court in which that court declined to rule on Defendants'
8  general demurrer concerning the sufficiency of Plaintiff's complaint. The state court stayed the
9  action until the Ninth Circuit Court of Appeals rules on pending appeals concerning an inmate's
10  ability to bring a claim for contracting Valley Fever while being incarcerated at prisons located
11  in the San Joaquin Valley. (See June 14, 2017 Tentative Ruling, ECF No. 6, at pp. 7-9.) The state
12  court found that it would be unfair to make a determination on the sufficiency of Plaintiff's
13  complaint until the Ninth Circuit gave guidance on whether a civil rights claim may be brought
14  due to contracting Valley Fever while incarcerated, and that the interests of judicial economy
15  required a stay of the action. Plaintiff also asserts that the removal was done to create unjust
16  delay and hardship to Plaintiff.
17         Defendants oppose the motion to remand, arguing that Plaintiff pursues federal claims in
18  this action, which gives this Court original jurisdiction over the matter. Specifically, defense
19  counsel declares that she contacted Plaintiff in a telephone call to ask him if he intended to
20  pursue federal claims. Plaintiff declined to respond at that time, but later defense counsel
21  informed the state court of the phone call at hearing on June 29, 2017. The state court allowed
22  Plaintiff to be questioned on the issue, at which time he stated an intent to pursue federal claims
23  against Defendants for Eighth and Fifth Amendment violations. (ECF No. 9, at pp. 4-5 ¶¶ 3-4.)
24  Defendants also argue that the state court determined that a liberal reading of the complaint
25  demonstrated Plaintiff's intent to assert a claim for the violation of the Eighth Amendment.
26  Finally, Defendants contend that there is no exception to removal based on a stay of proceedings
27  in the state court action, contrary to Plaintiff's argument.
28  ///

2

**A.      Legal Standards**

Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986) (internal citation omitted).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (internal quotations and citation omitted).

"The rule makes plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. In other words, a plaintiff may defeat removal by choosing not to plead any federal claims. Id. at 399. The existence of federal jurisdiction is determined by the complaint at the time of removal. Libhart, 592 F.2d at 1065.

**B.      Analysis**

Whether this Court has original jurisdiction over Plaintiff's claim depends on whether Plaintiff's complaint at the time of removal contained any claim arising under federal law. Thus, the Court must make a careful analysis of Plaintiff's complaint.

Plaintiff's complaint is brief, consisting of a filled-in form with a cover page, some handwritten attachments, and some exhibits. The complaint begins with a handwritten cover page which Plaintiff has labeled, "Grounds, Basis, Reason to Sue." The cover page states in full as follows:

Statement of the Case and Basis and reason of the Plaintiff for the Case to Sue, Bring a Complaint for Personal Injury for exposure and infection with the Deadly life long Disease known as "Coccidioidomycosis" Valley fever. A Disease that has no cure. The Plaintiff Lance William Green V53932 Has been Deliberately and forcefully exposed and infected with a Deadly life long Disease "against his will and unknowingly" exposed and infected with "Coccidioidomycosis" Valley fever. The Plaintiff Basis and reason is based on "Personal injury," to his body, Exposure and infection with a deadly life long Disease, Premises liability. Where he was forcefully exposed and infected with the Deadly life long Disease that has no cure, to wit "Coccidioidomycosis" Valley fever. Environmental, Toxic Tort. Intentional Tort, and Gross intentional Malpractice Negligence. Each named Defendant and or agency Named in this Case, Complaint acted with full, total knowledge of and with Deliberate indifference or failed to act with full total knowledge of and with Deliberate indifference to and Deliberately, forcefully, Recklessly, Gross Negligently, Purposefully Put the Plaintiff in harms way in Danger with Complete disregard for the Plaintiff's Health, Safety or life. Put the Plaintiff in this Danger where they knew that the Plaintiff would be unwillingly forcefully exposed to and infected with the Deadly life long Disease sickness to wit, "Coccidioidomycosis" Valley fever, a Disease that has no cure. The Plaintiff tests Positive for infection, the Plaintiff has in fact been forcefully unwillingly exposed and infected with "Coccidioidomycosis" because of each Named Defendants actions or actions to fail to protect the Plaintiff from the Danger they had full total knowledge of. This is the Statement of the Case and Basis and reason of Plaintiff to sue, Bring this Complaint.

(Compl., ECF No. 2-1, at p. 3) (errors in original). Plaintiff does not mention the U.S.

Constitution, any federal constitutional rights, or any federal causes of action in this statement.

Rather, he refers to state law concepts of personal injury, premises liability, environmental, toxic

and intentional torts, medical malpractice, negligence and recklessness.

Plaintiff also checks boxes on the front of the complaint form indicating that the action is

for "Personal Injury" and "Other," and he specifies next to "Other" that it is for "Forced

Exposure and infection with Deadly Disease that has No Cure." (Id. at p. 2) (errors in original).

In another section of the complaint form asking Plaintiff to indicate which causes of action are

pursued in the complaint, Plaintiff has checked boxes indicating the action is for "Intentional

Tort," "Premises Liability" and "Other." Plaintiff has specified next to "Other" that it is for,

"'Personal Injury' the Agents of the state of California, Agents of the federal government,

Agents of Fresno County, Agents of City of Coalinga, CDCR, PVSP, have with full knowledge

of with Deliberate indifference have exposed and infected the Plaintiff with the Deadly life long

4

Disease that has No Cure 'Coccidioidomycosis.'" (Id. at p. 5) (errors in original). Thus, in the body of his complaint as well as the handwritten cover page, Plaintiff only alleges state law-based claims for personal injury, premises liability, and other state law-based torts.

Plaintiff also wrote two handwritten attachments to his complaint which it appears he intends to incorporate by reference. One of them lists the defendants who are not natural persons. (Id. at p. 6.) The other sets forth a number of additional defendants and states that he alleges his causes of action against them. (Id. at p. 7). Both attachments have a caption referring to the action as "Complaint Personal Injury," again invoking a state law-based cause of action.

Based on the foregoing, Defendants' contention that this action arises under federal law is not supported by a review of Plaintiff's complaint. Plaintiff repeatedly indicates that personal injury, premises liability, and other state law-based torts are the bases of his action, and the Court does not find any federal claims upon which this Court has subject matter jurisdiction. Although Plaintiff could have brought this action in this Court pursuant to 42 U.S.C. § 1983 and alleged that Defendants violated his rights under the United States Constitution, he did not do so. Plaintiff's decision to file suit in state court utilizing a state civil complaint form and alleging state law claims demonstrates that Plaintiff exercised his right to rely exclusively on state law. Caterpillar, Inc., 482 U.S. at 392.

The Court does not find Defendants' arguments that Plaintiff intends to pursue federal claims persuasive. Whatever representations he made in a telephone call or at a state court hearing regarding an intention to pursue federal claims is not controlling. The jurisdictional analysis depends on what is alleged in Plaintiff's complaint at the time of removal.

Defendants also cite the state court's June 14, 2017 tentative ruling in support of their argument. In that ruling, the state court stated that "it is apparent that in addition to claims for premises liability, negligence, and some species of intentional tort(s), plaintiff intended to include a claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment." (ECF No. 6, at p. 7.) In making this determination, the Court relied on two exhibits attached to the complaint, and Plaintiff's opposition brief to the general demurrer that he filed in state court.

5

The exhibits that are referenced by the state court in the tentative ruling are related to the PVSP's administrative review process and to forms that Plaintiff submitted to comply with the California government claims statute. A question in the complaint form requires Plaintiff to check a box indicating whether he complied with applicable claims statutes or is excused from compliance. (ECF No. 2-1, at p. 4.) Plaintiff checked the box indicating that he complied with the statutory requirements, and wrote next to the box, "See Attached '602' and Government Claim forms and notices." (Id.) Among the attachments are the government claims forms referenced by the state court, in which Plaintiff wrote that he sought compensation for "'Personal injury,' tort, fed civil right." (Id. at p. 13) (errors in original). Also, in one of his inmate appeals, Plaintiff indicated that his exposure to Valley Fever supports a "Section 1983 civil rights claim." Plaintiff also referenced two federal lawsuits: Beagle v. Schwarzenegger, No. 1:14-cv-430 (E.D. Cal. 2014), and Plata v. Brown, No. C01-1351-THE (N.D. Cal. June 24, 2013). (Id. at p. 18.)

The Court does not find that these references to federal law in the exhibits, in the context of the complaint as a whole, show that Plaintiff brings any cause of action for a violation of federal law in his complaint at the time of removal. As noted above, Plaintiff indicated these exhibits were attached to his complaint to support his statement that he has complied with applicable claims statutes. There is no indication that the brief references to federal law in these exhibits were attached by Plaintiff in an attempt to state any §1983 claim or any claim for the violation of the Eighth Amendment or some other federal right. These exhibits show, at most, that Plaintiff indicated to a government claims board and to the reviewers of his inmate appeals that he thought his exposure to Valley Fever violated federal law. The complaint itself, however, does not state that Plaintiff brings any claim under § 1983 or for a violation of the Eighth Amendment or other federal right. Furthermore, to the extent that there is any ambiguity here, the Court finds that the ambiguity should be read against finding jurisdiction, and the complaint should be read as not alleging any federal law-based claim. See Neal v. Director of CDCR, No. 1:14-cv-02067-AWI-JLT-PC, at *3 ("[A]ny doubts about jurisdiction are resolved against finding jurisdiction.") (citing Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)).

Plaintiff's opposition brief that is referenced by the state court in its tentative ruling was not provided to this Court for review. Regardless, the Court finds that any representations made in that brief do not affect the jurisdictional analysis, as the focus is on what was pleaded in the complaint at the time of removal.

In sum, the Court finds that Plaintiff's complaint relies exclusively on state law, and therefore the Court lacks subject matter jurisdiction over this action. Thus, this action should be remanded to the Fresno County Superior Court. Furthermore, as the Court has found there is no jurisdiction here on that basis, the Court declines to address Plaintiff's argument that Defendants are engaging in any improper forum shopping.

In making these findings and recommendations, the Court emphasises that federal courts must "strictly construe the removal statute against removal jurisdiction" and are required to apply a "strong presumption against removal." Gaus v. Miles, Inc., 980 F.3d 564, 566 (9th Cir. 1992). The state court based its findings on a broad and lenient reading of the complaint and other matters in its record. Based on the tentative ruling, Defendants anticipated that a federal question may become at issue in this matter, and Plaintiff voiced some intent to eventually pursue claims for Eighth and Fifth Amendment violations. In considering whether to remand this action, federal courts are not permitted to consider these matters, and instead must rely on the face of the plaintiff's well-pleaded complaint. See Caterpillar Inc., 482 U.S. at 393 (a case may not be removed based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"). At this juncture, the Court finds no cognizable federal cause of action in Plaintiff's complaint, and makes no finding on whether the case may be later removable should Plaintiff assert a federal claim.  See 28 U.S.C. §1446(b)(3).

**III.    Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand the case (ECF No. 6) be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **October 11, 2017**                     /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE